# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-12-RJC

| | |
|---|---|
| **LAWRENCE ALAN HABERMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **BANC OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff Haberman's respective motions for entry of default, (Docs. 9, 15), and Defendant Banc of America's (the Bank) Motion to Dismiss for Failure to Serve Process. (Doc. 11) They are ripe for review.

On January 13, 2014, Plaintiff, who is proceeding pro se, filed a complaint in this Court, alleging that Defendant engaged in unauthorized transactions in his account with the Bank. (Doc. 1). On April 16, 2014, summons was issued against the Bank, but it does not appear that it was properly served as no proof of service has been provided. (Doc. 8). Accordingly, Defendant did not file an answer to the Complaint, and Plaintiff has twice moved this Court for entry of default judgment. Defendant, in contrast, moves to dismiss this case under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process.

Rule 4 governs service of process and provides that a plaintiff is responsible for having a summons containing a copy of the complaint served on a Defendant. FED. R. CIV. P. 4(c). Additionally, Rule 4(m) establishes that such service occur within one hundred and twenty (120) days following the filing of the complaint. FED. R. CIV. P. 4(m). Finally, Rule 4(m) permits

dismissal of an action without prejudice unless the Plaintiff "shows good cause for the failure," in which case the court "must extend the time for service for an appropriate period." Id.

A court cannot exercise personal jurisdiction over a party until they have been properly served in accordance with the applicable rules. The burden of establishing proper service rests upon the Plaintiff. Dickerson v. Napolitano, 604 F.3d 732, 752 (4th Cir. 2010). "Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." Hasan v. Fairfax County School Bd., 405 Fed.Appx. 793, 794 (4th Cir. 2010) (citing McNeil v. United States, 508 U.S. 106, 113 (1993). Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120-day limit. . . ." Quann v. White-Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986).

Here, it appears that Plaintiff, despite being incarcerated at present, has made good faith efforts to serve Defendant by mailing a copy of the summons to the Bank's legal department. Further, Plaintiff's motions for entry of default evince a belief, albeit mistaken, that his attempts at service of process had been successful. Accordingly, the Court finds that Plaintiff has demonstrated "good cause" sufficient to warrant an extension, and that the pending motions are not yet ripe for adjudication. Plaintiff shall have twenty-one (21) days from the issuance of this order to serve process upon Defendant in a manner consistent with the requirements of Rule 4 of the Federal Rules of Civil Procedure.

**It is therefore ordered that**:

Plaintiff's motions for entry of default judgment, (Docs. 9, 15), are **denied**. Likewise, Defendant's motion to dismiss under Rule 12(b)(5), (Doc. 11) is **denied**. This ruling does not preclude the parties from bringing similar motions in the future if so warranted. Plaintiff shall

have twenty-one (21) days following the issuance of this order to effect proper service upon Defendant in accordance with all relevant requirements under the Federal Rules of Civil Procedure.  A failure to comply may result in a dismissal of this case.

Signed: August 13, 2014

Robert J. Conrad, Jr.
United States District Judge