UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-12-RJC

| LAWRENCE ALAN HABERMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| BANC OF AMERICA, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant Banc of America's Motion to Dismiss for Failure to Serve Process, (Doc. 20), Plaintiff Haberman's Motions for Default Judgment, (Docs. 22, 23), and related pleadings.

The Court previously found that Plaintiff failed to perfect service on Defendant, but granted a twenty-one day extension to meet the requirements of Federal Rule of Civil Procedure 4 because he demonstrated good cause for the failure. (Doc. 17: Order). Plaintiff timely filed a Certificate of Service in which he asserted that he sent a copy of the summons and complaint by mail to Defendant's counsel who previously appeared in this matter. (Doc. No. 19). Plaintiff asserts that such service was sufficient because counsel's Notice of Appearance, (Doc. No. 10), directed that all future correspondence regarding this matter be sent to her. (Doc. No. 26: Response at 2). Counsel counters that the Notice specifically stated that her "special appearance in this matter is for the express limited purpose of opposing Plaintiff's Motion for Default Judgment and does not constitute acceptance of service or waive the Bank's objection to sufficiency of service," (Doc. No. 19: Notice at 1); therefore, Plaintiff's mailing to her was not to

an "agent authorized by appointment or by law to receive service of process," as permitted by Rule 4(h)(1)(B). (Doc. No. 20: Motion at 1-2). Accordingly, Defendant seeks dismissal of this matter pursuant to Rule 12(b)(5) for insufficient service of process. (Id.).

The Court previously advised Plaintiff that Rule 4 governs service of process, that he bore the burden of establishing proper service, and that pro se status was insufficient to establish good cause for failing to comply with the rule. (Doc. 17: Order at 2). Additionally, following Plaintiff's conviction for a federal drug offense he has been no stranger to litigation in federal courts, with matters in the Northern District of Texas, (Case Nos. 4:10-cv-905, 4:13-cv-1017, 4:14-cv-223); the Northern District of Florida, (5:13-cv-403); the Southern District of New York, (1:14-cv-6106); the District of Masschusetts, (1:14-cv-11861); the Eastern District of Michigan, (5:14-cv-14180); and here, (Case Nos. 3:14-cv-12, 3:14-cv-553), often contesting the seizure of funds by law enforcement. In this matter, Plaintiff has not shown that mailing a copy of the summons and complaint to an attorney who had made a limited appearance in the case was sufficient to satisfy the requirements of Rule 4(h).

**IT IS, THEREFORE, ORDERED THAT**:

1. Defendant's Motion to Dismiss, (Doc. No. 20), is **GRANTED**;
2. Plaintiff's Motions for Default Judgment, (Doc. Nos. 22, 23), are **DENIED**; and
3. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice.

Signed: September 14, 2015

Robert J. Conrad, Jr.
United States District Judge

2